NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**FILED**
JAMES J. WALDRON, CLERK

April 27, 2006

U.S. BANKRUPTCY COURT
NEWARK, N.J.

_____
                                        :
IN RE:                                  :    CHAPTER 13
                                        :
John and Marilyn Smith,                 :    CASE NO.:    05-17203 (NLW)
                                        :
                    Debtors.            :    **MEMORANDUM DECISION**
_____:

**Before:    HON. NOVALYN L. WINFIELD**

**A P P E A R A N C E S :**

Meaghan E. Tuohey-Kay, Esq.
Stuart D. Gavzy
Attorney at Law
163 East main Street
Little Falls, NJ 07424
Attorneys for Debtors

Christopher Paul Anton, Esq.
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078-2703
Attorneys for Unity Bank

This matter is before the Court on a motion by the debtors, John and Marilyn Smith (the "Smiths") to bifurcate the secured claim of Unity Bank ("Unity"). A dispute exists between the parties as to the threshold issue of the date on which Unity's collateral should be valued. After considering the papers filed by counsel, and the applicable legal authority, the Court concludes that the confirmation date is the proper date for valuing collateral in the context of a cramdown motion.

The Court has jurisdiction to hear and determine this matter under 28 U.S.C. §§ 1334 and 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

The Smiths filed their Chapter 13 case on March 10, 2005. The Chapter 13 Plan filed by the Smiths did not address the debt owed by Smiths to Unity as a secured claim. Rather, the Smiths listed Unity in their schedules as having a disputed unsecured claim. Their Chapter 13 Plan proposed a five (5) percent distribution to unsecured creditors. Upon learning of the bankruptcy, Unity filed a secured claim in the amount of $347,657.30. The debt to Unity arises from the Smiths' unconditional guaranty of payment ("Guaranty") to Unity of all amounts owed to Unity by John and Marilyn Smith, LLC and E.D.I. Recycling & Salvage, Inc. The Guaranty is secured by a mortgage on the Smiths' residence at 85 West Central Avenue, Wharton, New Jersey (the "Property").

Unity also filed an objection to confirmation of the Smiths' Chapter 13 Plan. The confirmation hearing was originally scheduled for August 11, 2005, but has been adjourned numerous times by the Smiths. Confirmation is currently scheduled for June 22, 2006.

On December 8, 2005 the Smiths moved to bifurcate Unity's secured claim. Based on an

appraisal dated April 14, 2003, the Smiths claim that the fair market value of the Property is $228,000. They further claim that mortgages senior to Unity total $147,352.31. Based on these numbers, the Smiths claim that Unity's claim is secured only in the amount of $80,647.69, and the remaining amount of $267,009.61 may be treated as an unsecured claim.

Unity disagrees with the Smiths' assessment of the fair market value of their property and offers an appraisal which posits a fair market value of $295,000 as of February 25, 2006. Unity urges this Court to adopt the confirmation date as the proper date for valuation of the Property. The Smiths, no doubt expecting that the valuation will be lower, argue that the court should adopt the petition date (March 10, 2005) as the date for valuing the Property.

The Court's inquiry must begin with § 506(a) which provides that an allowed secured claim is a secured claim "to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a). Thus, the Smiths may bifurcate Unity's claim into a secured claim to the extent that the claim exceeds the value of the Property. Section 506(a) further directs that the value should be determined in light of the purpose of the valuation and of the proposed disposition or use of such property. Additionally, under the "cramdown" provision of 11 U.S.C §1325(a)(5)(B)(ii), the secured creditor must receive plan payments that equal the amount of the allowed secured claim as of the effective date of the plan. Although both statutes set the parameters for the manner in which a secured claim is bifurcated and crammed down in a Chapter 13 plan, neither statutory section specifies when the valuation should occur.

The Smiths rely largely on In re Beard, 108 B.R. 322 (Bankr. N.D. Ala. 1989) to support their contention that the petition date is the date of valuation. In this Court's view, Beard relied too heavily on

3

§ 502(b) which provides that claims are allowed as of the date of the filing of the petition. Id. at 326. As the Court noted in In re King, 2003 WL 22110779, at *2 (Bankr. E.D. Pa. 2003):

> "[w]hile the amount of the claim is fixed at the petition date, the statute does not fix the secured claim at that time. That principle is clear from the second sentence of § 506(a) that expressly contemplates that the secured portion of a claim may fluctuate based on the time and purpose for which valuation is sought. Thus, fixing the valuation determination as of the petition date based on § 502(b), as some courts have done, represents a flawed understanding of the interplay between § 502(b) and 506." (citations omitted).

This Court is persuaded that the better view is that the collateral should be valued as of the date to which the valuation relates. In re Blakely, 76 B.R. 465, 468 (Bankr. E.D. Pa. 1987). Thus, if the purpose of the valuation is related to confirmation of a Chapter 13 plan, "the value should be determined as of, or close to, the effective date of the plan." Id. As a practical matter, this equates to the hearing date for confirmation since the effective date is generally the date the confirmation order is signed, and that event occurs very shortly after the actual hearing.

The confirmation hearing date is sensible because that is the point at which the Chapter 13 plan payments are determined. Blakely, 76 B.R. at 468; In re Fareed, 262 B.R. 761, 768 (Bankr. N.D. Ill. 2001). In the instant case, the purpose of the bifurcation motion is to determine the amounts of Unity's secured and unsecured claims for purpose of setting the amounts to be paid under the Chapter 13 Plan. Thus, in the matter at hand, to give meaning to § 506(a)'s direction to consider the purpose of valuation, it is most practical to focus on the confirmation date. In other circumstances the petition date may be more appropriate. For example, in Matter of Keystone Camera Products Corp., 126 B.R. 177, 183 (Bankr. D.N.J. 1991), the court employed the petition date for valuation purposes in connection with the debtor's

4

motion to prime the existing secured lender.

Additionally, utilizing the confirmation date rather than the petition date will bring any disputed valuation issue to a head early in the case. King, 2003 WL 22110779, at *3. As the Court pointed out:

> A contrary rule allows the creditor to sit quietly until confirmation while its collateral deteriorates, comforted that it will receive the collateral's value as of the petition date. Thus, it appears that valuation as of the confirmation is more harmonious with the statutory scheme and the Chapter 13 process.

Id.

Having determined that the confirmation date shall be the controlling date for valuation, all that is left is to schedule a date for the valuation hearing. Counsel for the debtor is directed to consult with my courtroom deputy for available dates.

By the Court

/s/ Hon. Novalyn L. Winfield
_____
HON. NOVALYN L. WINFIELD
United States Bankruptcy Judge